## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CINDY VALERIE KULAS,**

    **Plaintiff,**

**v.**                                  **CASE NO:**

**FLORIDA HEALTH SCIENCES CENTER, INC.,**

**d/b/a Tampa General Hospital,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CINDY VALERIE KULAS, (hereinafter "Plaintiff" or "Ms. Kulas"), by and through the undersigned counsel, hereby sues Defendant, FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa General Hospital (hereinafter "Defendant," "Tampa General Hospital," "TGH," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on disability and age, and retaliation in violation of the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"); the Family and Medical Leave

Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"); and Florida Statutes § 440.205 regarding workers' compensation retaliation.

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her and altered the terms, conditions, and privileges of her employment because of her disability and age, and retaliated against her for exercising her rights under the FMLA and Florida workers' compensation laws, all in violation of her rights under the FCRA, FMLA, and Florida Statutes § 440.205.

3.      As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.     Plaintiff, CINDY VALERIE KULAS, is a 65-year-old female who has sustained multiple work-related injuries to her left shoulder and hip. Her diagnoses include a high-grade partial-thickness tear of the left gluteus minimus tendon insertion, an anterior labral tear of the left hip, a SLAP tear undermining the biceps anchor in the left shoulder, impingement of the right

shoulder, and a thoracic back/right scapular injury. As a result of her hip injury, Plaintiff experiences a Trendelenburg gait and suffers from significant physical limitations, including an inability to lift her left arm above waist level, inability to pivot with her left hip, inability to mop floors, and difficulty lifting, pushing, or pulling objects weighing more than 2–15 pounds.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on her disability and age under the FCRA, FMLA, and Florida Statutes § 440.205.

10.    During the period from June 1998 until September 29, 2023, Defendant employed Plaintiff as a Surgical Technologist/Surgical Tech 1 for over 25 years.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the FCRA, FMLA, and Florida Statutes § 440.205.

13.    The Defendant, FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa General Hospital, is a Florida corporation with a principal

place of business located at One Tampa General Circle, Tampa, Florida 33606.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, and employs over 8,000 employees.

15.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to the FCRA, FMLA, and Florida Statutes § 440.205.

16.    Accordingly, Defendant is liable under the FCRA, FMLA, and Florida Statutes § 440.205 for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.    On November 21, 2023, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability

discrimination, age discrimination, and retaliation.

19.    On July 7, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2024-00699) against Defendant.

20.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    Plaintiff began her employment with Defendant in June 1998 as a Surgical Technologist/Surgical Tech 1 in the Labor and Delivery Department. During her over 25 years of employment, Plaintiff was a dedicated and skilled employee who performed various duties including patient care technician duties, running errands for nursing staff, cleaning and mopping after surgical cases, processing vaginal probes, conducting

scalp PHs, transporting patients, filling out unit assessments, scrubbing surgical cases, stocking supplies, attending vaginal deliveries in LDR rooms, assisting nurses in the operating room, setting up and tearing down delivery tables, ordering supplies, and cleaning staff refrigerators.

23.    On June 14, 2021, Plaintiff sustained work-related injuries to her left shoulder and hip while performing her job duties for Defendant. An MRI dated July 27, 2021, revealed a high-grade partial-thickness tear in left gluteus minimus tendon insertion, anterior labral tear in left hip, and SLAP tear that undermined the bicep in her shoulder.

24.    As a result of these injuries, Plaintiff developed significant physical limitations, including an inability to lift her left arm above waist level, an inability to pivot with her left hip, and an inability to mop floors. These restrictions were provided as part of her work limitations, under which the only job duty she was unable to perform was assisting in a stat surgical case. On October 15, 2021, the charge nurse ordered Plaintiff to break scrub during an ongoing C-section and open Room 2 for a stat C-section. Plaintiff was later placed on modified duty on November 12, 2021, with additional restrictions limiting her ability to lift, push, or pull more than 2–15 pounds. Plaintiff also developed a Trendelenburg gait as a result of her

hip injury.

25.    On October 3, 2021, Plaintiff sustained a re-injury to her left groin and left shoulder while working for Defendant.

26.    On October 24, 2021, Plaintiff sustained an additional work-related injury to her right shoulder while performing her job duties for Defendant.

27.    Following her injuries, Plaintiff filed multiple workers' compensation claims with Defendant, who is self-insured for workers' compensation through Commercial Risk Management.

28.    On October 15, 2021, despite Plaintiff's known work restrictions, she was ordered to assist in a stat C-section. Plaintiff informed the nurse that she was restricted from stat cases due to her work-related injuries and physical limitations.

29.    As a result of her injuries and restrictions, Plaintiff was placed on modified duty, which resulted in approximately a one-third reduction in her income for approximately five months.

30.    In April 2022, after Plaintiff returned from modified duty, Defendant's management began asking Plaintiff about her age and retirement plans in a discriminatory manner.

31.     Defendant scheduled an unscheduled meeting with Plaintiff involving her supervisor Sherri Badia, Floor Manager Danielle Brennan, Manager Marisa Martinez, and an HR representative. During this meeting, Defendant's representatives questioned Plaintiff's abilities and retirement plans in a discriminatory manner based on her age and disability.

32.     During this meeting, Defendant told Plaintiff that she needed to have her lawyer request a functional capacity evaluation, placing additional burdens on Plaintiff due to her disability.

33.     On August 13, 2023, Plaintiff fell in the operating room due to her hip condition. Following the fall, Plaintiff went to urgent care and returned to work with medical restrictions regarding her thoracic back and right scapula.

34.     Patrick Lark, ARNP, an employee of Defendant, improperly removed all of Plaintiff's medical restrictions and told her to disregard the urgent care recommendations and stop taking her prescribed medication, despite having no authority to do so and in violation of proper medical protocols.

35.     On September 23, 2023, Plaintiff was working her regular 7:00 p.m. shift when an incident occurred during a vaginal delivery in the

operating room. Present during this incident were Dr. Ha, Charge Nurse Morgan Parker, Clinician and Safety Nurse Jackie Hernandez, Nurses Saeng Raisch and Molly Graves.

36.    During the procedure, Plaintiff called for sharps and sponge count multiple times, which is standard safety protocol to ensure patient safety. During the count, three lap sponges were discovered to be missing.

37.    Dr. Ha intervened in the situation, stating "nobody deserves to be yelled at," despite Plaintiff maintaining that she was not yelling but was following proper safety protocols.

38.    A dispute arose between Plaintiff and Nurse Saeng Raisch regarding the proper method for closing a biohazard bag. Plaintiff placed her hands over Nurse Raisch's hands to prevent the bag from being closed improperly, as doing so could have violated established safety protocols.

39.    During this incident, Plaintiff hurt her shoulder multiple times due to the physical demands of the situation and her existing work-related injuries and restrictions.

40.    Due to the pain caused by the incident and her pre-existing work-related injuries, Plaintiff went home under the Family and Medical Leave Act (FMLA) that same night.

41.    Plaintiff maintains that she did not yell at any nurse or throw a biohazard bag at anyone, contrary to the allegations later made by Defendant.

42.    On September 24, 2023, Director Amanda Holbrook informed Plaintiff that she was being placed on administrative leave pending an investigation into the September 23, 2023 incident.

43.    Defendant accused Plaintiff of yelling at a nurse and throwing a biohazard bag at Saeng Raisch. Initially, Defendant accused Plaintiff of "throwing" the bag, but later changed the allegation to "hitting" and even "assault and battery."

44.    Defendant's investigation was conducted in a discriminatory manner. When a similar incident involving another employee, Sharon Clark, occurred, Defendant did not subject Ms. Clark to the same level of scrutiny or discipline that was imposed on Plaintiff.

45.    On September 29, 2023, Defendant terminated Plaintiff's employment, citing violations of harassment/bullying policies and workplace violence, despite Plaintiff's over 25 years of dedicated service and her explanation of the events.

46.    Defendant's stated reasons for termination were pretextual and

were motivated by Plaintiff's disability, age, her use of workers' compensation benefits, her use of FMLA leave, and her requests for reasonable accommodations.

47.    Throughout her employment, particularly following her work-related injuries, Defendant subjected Plaintiff to disparate treatment based on her disability and age, including questioning her abilities, asking about retirement plans, and ultimately terminating her employment in retaliation for exercising her rights under the FMLA, and Florida workers' compensation laws.

48.    As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered economic damages including lost wages, lost benefits, and lost future earning capacity, as well as non-economic damages including emotional distress, mental anguish, embarrassment, and humiliation.

## COUNT I
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Age Discrimination
### Florida Statutes §§ 760.01-11

49.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50.    Plaintiff is a 65-year-old female who was 63-64 years old during the relevant time period of her employment with Defendant.

51.    At all times material herein, Plaintiff was over forty (40) years of age and was therefore a member of the protected class under the FCRA.

52.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

53.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

54.     At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

55.     At all times material herein, Defendant employed Plaintiff as a Surgical Technologist/Surgical Tech 1 for over 25 years.

56.     Defendant, as Plaintiff's employer, was obligated to guard against the age discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from age discrimination in the workplace.

57.     However, Plaintiff was subjected to age discrimination because of her age through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents.

58.     Specifically, beginning in April 2022, Defendant's management began asking Plaintiff about her age and retirement plans in a discriminatory manner, demonstrating age bias and stereotyping about older workers.

59.     Defendant scheduled an unscheduled meeting with Plaintiff involving multiple supervisors and management personnel who questioned Plaintiff's abilities and retirement plans in a discriminatory manner based on her age.

60. Defendant ultimately terminated Plaintiff's employment based on pretextual reasons when the true motivation was her age and age-based stereotypes about older workers' capabilities.

61. Plaintiff believed that Defendant's age-based discriminatory behavior materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Defendant's offensive acts and statements based on age materially altered the terms and conditions of Plaintiff's employment.

62. Plaintiff did not welcome the offensive age-based statements, acts, and discriminatory treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

63. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the age discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the discriminatory behavior.

64. Defendant violated the FCRA by subjecting Plaintiff to discrimination because of her age and by failing to promptly correct it once it learned of it.

65.     Plaintiff, by being subjected to this age discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

66.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the age discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

67.     As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, CINDY VALERIE KULAS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa General Hospital, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her age;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's age discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the age discrimination she has endured;

C.  Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by

Defendant's age discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT II**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT**
**Disability Discrimination**
**Florida Statutes §§ 760.01-11**

68.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

69.    Plaintiff is a 65-year-old female who has been diagnosed with work-related injuries to her left shoulder and hip, including a high-grade

partial-thickness tear in left gluteus minimus tendon insertion, anterior labral tear in left hip, SLAP tear that undermined the bicep in shoulder, and thoracic back/right scapula injury. Plaintiff suffers from Trendelenburg gait due to her hip injury and has physical limitations including inability to use her left arm above waist level, inability to pivot with her left hip, inability to mop floors, and difficulty with lifting, pushing, and pulling more than 2-15 pounds.

70.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

71.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

72.    At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

73.    At all times material herein, Defendant employed Plaintiff as a Surgical Technologist/Surgical Tech 1 for over 25 years.

74.    Plaintiff is a qualified individual with a handicap within the meaning of the FCRA, as she has physical impairments that substantially limit one or more major life activities.

75.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

76.    However, Plaintiff was subjected to discrimination because of her disability through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents.

77.    Specifically, Defendant discriminated against Plaintiff by: (a) placing her on modified duty resulting in a one-third reduction in income for approximately five months; (b) questioning her abilities in a discriminatory manner during unscheduled meetings with management; (c) requiring her to have her lawyer request a functional capacity evaluation; (d) improperly removing her medical restrictions through Patrick Lark, ARNP; (e) subjecting her to disparate treatment compared to similarly

situated employees without disabilities; and (f) ultimately terminating her employment based on pretextual reasons when the true motivation was her disability.

78.    Plaintiff believed that Defendant's discriminatory behavior materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Defendant's offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

79.    Plaintiff did not welcome the offensive statements, acts, and discriminatory treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

80.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the discriminatory behavior.

81.    Defendant violated the FCRA by subjecting Plaintiff to discrimination because of her disability and by failing to promptly correct it once it learned of it.

82.    Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

83.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

84.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, CINDY VALERIE KULAS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa

General Hospital, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and

other economic losses proximately caused and allowable under the FCRA, according to proof;

E.   Award Plaintiff pre- and post-judgment interest;

F.   Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.   Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Age Retaliation
### Florida Statutes §§ 760.01-11

85.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

86.   Plaintiff is a 65-year-old female who was 63-64 years old during the relevant time period of her employment with Defendant.

87.   At all times material herein, Plaintiff was over forty (40) years of age and was therefore a member of the protected class under the FCRA.

88.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

89.    At all times material herein, Defendant employed Plaintiff as a Surgical Technologist/Surgical Tech 1 for over 25 years.

90.    Plaintiff engaged in protected activity under the FCRA by: (a) opposing age-discriminatory practices and comments made by Defendant's management; (b) asserting her rights not to be subjected to age-based questioning about retirement; (c) continuing to perform her job duties despite age-based discrimination; and (d) challenging age-based stereotypes and assumptions about her capabilities.

91.    Defendant subjected Plaintiff to adverse employment actions in retaliation for engaging in protected activity under the FCRA, including: (a) subjecting her to increased scrutiny and disparate treatment; (b) continuing to question her abilities based on age-related stereotypes; (c) subjecting her to different investigation procedures compared to younger employees; and (d) ultimately terminating her employment based on pretextual reasons.

92.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation under the FCRA.

93.    As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

94.    Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

95.    Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

96.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

97.    There is a causal connection between Plaintiff's protected activity under the FCRA and the adverse employment actions taken by Defendant, as evidenced by the timing and circumstances surrounding Defendant's discriminatory and retaliatory conduct.

98.     As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, CINDY VALERIE KULAS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa General Hospital, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for engaging in protected activity under the FCRA;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to,

front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT IV</u>
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Disability Retaliation
### Florida Statutes §§ 760.01-11

99.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

100.    Plaintiff is a 65-year-old female who has been diagnosed with work-related injuries to her left shoulder and hip, including a high-grade partial-thickness tear in left gluteus minimus tendon insertion, anterior labral tear in left hip, SLAP tear that undermined the bicep in shoulder, and thoracic back/right scapula injury.

101.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

102.    At all times material herein, Defendant employed Plaintiff as a Surgical Technologist/Surgical Tech 1 for over 25 years.

103.    Plaintiff engaged in protected activity under the FCRA by: (a) requesting reasonable accommodations for her work-related disabilities; (b) asserting her rights to work restrictions and modified duty; (c) opposing discriminatory practices based on her disability; (d) exercising her rights

under the FCRA; and (e) filing workers' compensation claims for her work-related injuries.

104.    Defendant subjected Plaintiff to adverse employment actions in retaliation for engaging in protected activity under the FCRA, including: (a) subjecting her to disparate treatment and investigation procedures compared to similarly situated employees without disabilities; (b) questioning her abilities in a discriminatory manner; (c) requiring additional burdens such as having her lawyer request functional capacity evaluations; (d) improperly removing her medical restrictions; and (e) ultimately terminating her employment based on pretextual reasons.

105.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation under the FCRA.

106.    As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

107.   Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

108.   Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

109.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

110.   There is a causal connection between Plaintiff's protected activity under the FCRA and the adverse employment actions taken by Defendant, as evidenced by the timing and circumstances surrounding Defendant's discriminatory and retaliatory conduct.

111.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but

not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, CINDY VALERIE KULAS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa General Hospital, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for engaging in protected activity under the FCRA;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### FMLA Retaliation
### 29 U.S.C. §§ 2601-2654

112.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

113.   The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. § 2615, apply to employers with respect to eligible employees taking, or attempting to take, leave under the FMLA.

114.   Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises her FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting her rights under the FMLA. 29 U.S.C. § 2615(a)(2).

115.   As more particularly alleged hereinabove, at all times material herein, Plaintiff was and is an "eligible employee" and Defendant was and is an "employer" within the meaning of the FMLA.

116.   At all times material herein, Defendant employed, and continues to employ, fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, making Defendant an "employer" subject to the FMLA.

117.   As more particularly alleged hereinabove, Plaintiff qualified for leave under the FMLA due to her serious health conditions resulting from her work-related injuries.

118.   On September 23, 2023, when Plaintiff was experiencing pain from her work-related injuries during the incident in the operating room, she exercised her rights under the FMLA by going home under FMLA leave that same night due to pain caused by her pre-existing work-related injuries.

119.   The Defendant knew or should have known that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's right to protected leaves of absence under the FMLA.

120.   The Defendant violated the FMLA and retaliated against Plaintiff by, among other things, placing her on administrative leave the next day and ultimately terminating her employment based on the September 23, 2023 incident, during which she had exercised her FMLA rights.

121.   Defendant's decision to investigate and terminate Plaintiff was motivated, at least in part, by her use of FMLA leave on September 23, 2023.

122.   Defendant's actions constitute violations of the FMLA by retaliating against Plaintiff for exercising her rights under the FMLA.

123.   As a direct and proximate result of Defendant's retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

124.   In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

125.   Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, the Plaintiff, CINDY VALERIE KULAS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa

General Hospital, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

    A.    Grant judgment in favor of Plaintiff and declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that Defendant discriminated against and/or retaliated against Plaintiff for exercising her rights under the FMLA;

    B.    Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered because of such unlawful employment practices in violation of the FMLA;

    C.    Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

    D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

    E.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATION OF FLORIDA STATUTES § 440.205
### Workers' Compensation Retaliation

126.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

127.    Florida Statutes § 440.205 prohibits employers from discharging or discriminating against employees for filing or attempting to file workers' compensation claims or for exercising rights under the Workers' Compensation Law.

128.    At all times material herein, Defendant was Plaintiff's employer and was subject to Florida Statutes § 440.205.

129.    At all times material herein, Plaintiff was an employee entitled to protection under Florida Statutes § 440.205.

130.    Plaintiff engaged in protected activity under Florida Statutes § 440.205 by: (a) filing multiple workers' compensation claims for her work-related injuries sustained on June 14, 2021, October 3, 2021, October 24, 2021, and August 13, 2023; (b) seeking medical treatment for her work-related

injuries; (c) asserting her rights to work restrictions and modified duty related to her workers' compensation claims; and (d) exercising her rights under Florida's Workers' Compensation Law.

131.    Defendant is self-insured for workers' compensation and was aware of Plaintiff's multiple workers' compensation claims and her exercise of rights under the Workers' Compensation Law.

132.    Defendant subjected Plaintiff to adverse employment actions in retaliation for filing workers' compensation claims and exercising her rights under the Workers' Compensation Law, including: (a) subjecting her to disparate treatment compared to employees who had not filed workers' compensation claims; (b) questioning her abilities and fitness for duty in a discriminatory manner; (c) improperly removing her medical restrictions through Patrick Lark, ARNP; (d) subjecting her to increased scrutiny and different investigation procedures; and (e) ultimately terminating her employment based on pretextual reasons.

133.    Defendant's treatment of Plaintiff was motivated, at least in part, by her filing of workers' compensation claims and her exercise of rights under Florida's Workers' Compensation Law.

134.   There is a causal connection between Plaintiff's protected activity under Florida Statutes § 440.205 and the adverse employment actions taken by Defendant, as evidenced by the timing and circumstances surrounding Defendant's retaliatory conduct.

135.   Defendant's actions constitute retaliation in violation of Florida Statutes § 440.205.

136.   As a direct and proximate result of Defendant's retaliatory conduct in violation of Florida Statutes § 440.205, Plaintiff has suffered damages including, but not limited to: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) emotional distress, mental anguish, and other noneconomic damages; and (d) other economic losses proximately caused by Defendant's retaliatory conduct.

**WHEREFORE**, the Plaintiff, CINDY VALERIE KULAS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA HEALTH SCIENCES CENTER, INC., d/b/a Tampa General Hospital, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated Florida Statutes § 440.205 by retaliating against

Plaintiff for filing workers' compensation claims and exercising her rights under Florida's Workers' Compensation Law;

B.     Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful retaliatory conduct in violation of Florida Statutes § 440.205;

C.     Award Plaintiff compensatory damages for emotional distress, mental anguish, and other noneconomic damages caused by Defendant's retaliatory conduct;

D.     Award Plaintiff punitive damages as appropriate under Florida law for Defendant's willful and malicious retaliatory conduct;

E.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 6th day of October 2025.

*/s/ Jason W. Imler, Esq*

Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com